| |
|---|
| **Bjorntzen v Singh** |
| 2024 NY Slip Op 30893(U) |
| March 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150757/2021 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. JAMES G. CLYNES</u>      PART      **22M**

*Justice*

-------------------------------------------------------------------X

TAHJ BJORNTZEN

            Plaintiff,

       - v -

BALBIR SINGH,

            Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150757/2021 |
| MOTION DATE | 12/14/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44

were read on this motion to/for             JUDGMENT - SUMMARY      .

Upon the foregoing documents and following oral argument, the motion by Defendant for summary judgment on the grounds that Plaintiff has not sustained a serious injury as defined in Insurance Law 5102 (d) and Plaintiff's cross-motion for summary judgment on the grounds that her injuries fall under the significant limitation and 90/180 days categories of Insurance Law 5102 (d) are decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a June 17, 2020 motor vehicle accident between Plaintiff bicyclist and a motor vehicle owned and operated by Defendant. Plaintiff's Bill of Particulars alleges injuries to her neck, back, right shoulder, and right ankle. Plaintiff underwent right shoulder arthroscopy on November 18, 2020 and right ankle surgery on October 8, 2021. Plaintiff's Bill of Particulars also alleges that Plaintiff was confined to bed for approximately two months and confined to her home for approximately three months.

In support of his motion, Defendant relies on the affirmed independent orthopedic examination report of Dr. Jeffrey Dermksian, the affirmed independent radiological review report of Dr. Jonathan S. Luchs, and Plaintiff's examination before trial (EBT) testimony.

Dr. Dermksian examined Plaintiff on October 26, 2021, reviewed relevant medical records and reports, including the MRI reports of Plaintiff's right ankle and right shoulder, and concluded

150757/2021 BJORNTZEN, TAHJ vs. SINGH, BALBIR
Motion No. 001

Page 1 of 5

[* 1]

that Plaintiff's diagnoses are status post resolved cervical spine sprain, status post resolved right shoulder sprain, status post resolved lumbar spine sprain, and status post resolved right ankle sprain. She is status post right shoulder surgery and status post right ankle surgery. Dr. Dermksian measured Plaintiff's range of motion using a goniometer and found normal range of motion of Plaintiff's cervical spine, lumbar spine, and right shoulder. His report noted that he was limited in his examination of Plaintiff's right ankle/foot because Plaintiff had not gone for a first postoperative visit with her surgeon, and thus could not remove the bandage. With regard to Plaintiff's cervical spine and lumbar spine, Dr. Dermksian reported that Plaintiff displayed signs of symptom magnification and embellishment with the non-anatomic and non-dermatomal decreased sensation in her right upper extremity and right lower extremity.

With regard to the right shoulder, Dr. Dermksian's opinion is that the MRI report of the right shoulder from 7/29/2020 was consistent with pre-existing degenerative changes that are not causally related to the alleged incident date of 6/17/2020, and thus the right shoulder arthroscopy from 11/18/2020 was performed for pre-existing degenerative changes that are not causally related to the alleged accident date of 6/17/2020. Dr. Dermksian further noted that the colored intraoperative pictures of the right shoulder arthroscopy from 11/18/2020 showed no tears and no acute abnormalities

With regard to the right ankle, Dr. Dermksian was not able to assess if there was an internal derangement to the right ankle because Plaintiff was immediately postoperative. However, after reviewing the MRI report of the right ankle from November 24, 2020, Dr. Dermksian found it consistent with pre-existing, degenerative changes that are not causally related to the subject accident, as there was no evidence of any tears on the MRI. Therefore, Dr. Dermksian reported, based upon a reasonable degree of medical certainty, that the right ankle surgery was performed for pre-existing degenerative changes that were not causally related to the subject accident.

Dr. Dermksian reported that Plaintiff's examination indicated no evidence of permanency, disability, limitations or residuals with regard to the cervical spine, right shoulder and lumbar spine based upon the objective findings on the physical examination, but he was unable to comment on

150757/2021 BJORNTZEN, TAHJ vs. SINGH, BALBIR
Motion No. 001

Page 2 of 5

2 of 5

[* 2]

the right ankle as she is 2-3 weeks postoperative. Dr. Dermksian found that Plaintiff is capable of continuing to be a student and perform her usual activities.

Dr. Luchs undertook an independent review of the MRIs of Plaintiff's right shoulder. Dr. Luchs found that the MRI shows subacromial impingement resulting in supraspinatus and infraspinatus tendinosis and minimal subdeltoid bursitis. In his report, Dr. Luchs specifically noted that these findings are chronic and degenerative, and not posttraumatic. According to Dr. Luchs, these findings predate the alleged injury and are not secondary to the alleged injury; there are no findings on this exam causally related to the claimant's alleged injury.

Defendant has met his initial burden of establishing that Plaintiff did not sustain serious injuries as a result of the accident under Insurance Law 5102 (d) (*Perez v Rodriguez*, 25 AD3d 506 [1st Dept 2006]). The burden therefore shifts to Plaintiff to produce prima facie evidence to support her claim of serious injury.

In opposition to Defendant's motion and in support of Plaintiff's cross-motion. Plaintiff submits the affirmation of Thomas Scilaris MD, the affirmation of Nazia Shah, DPM, Plaintiff's examination before trial (EBT) testimony, and Plaintiff's affidavit.

Dr. Scilaris averred that Plaintiff first presented to his office, Park West Surgical LLC on July 13, 2020. Dr. Scilaris measured Plaintiff's range of motion and reported limitation as to Plaintiff's right shoulder. Dr. Scilaris also reviewed Plaintiff's right shoulder MRI and his impression was that Plaintiff had right shoulder impingement, tendinosis of the rotator cuff and suspected a labral tear. Based upon the examination and the prolonged positive findings, Dr. Scilaris recommended that the patient undergo an arthroscopic surgery. Dr. Scilaris concluded that Plaintiff's injury was permanent, was caused by the subject accident, and that due to her injury she was unable to perform her normal duties as a security guard for at least 90 out of the first 180 days immediately following the accident.

Dr. Shah initially examined Plaintiff on November 3, 2020 and reported limitation in the range of motion of Plaintiff's right ankle. On October 8, 2021, Dr. Shah performed surgery on Plaintiff's right ankle. Dr. Shah concluded that Plaintiff suffered a tear in the anterior talofibular

150757/2021 BJORNTZEN, TAHJ vs. SINGH, BALBIR
Motion No. 001

Page 3 of 5

3 of 5

[* 3]

INDEX NO. 150757/2021

RECEIVED NYSCEF: 03/19/2024

ligament edema, and synovitis, resulting in significant ankle weakness and instability, which was caused by the subject accident. Dr. Shah opined that Plaintiff would not be able to work in her role as a security guard, which required prolong standing, for at least 90 out of the first 180 days following the subject accident.

In her EBT, Plaintiff testified that she was confined to her bed and home for the first month following the accident. Plaintiff testified that she has trouble walking, cleaning, cooking, and holding things or standing for a long period of time and that she no longer jogs or rides a bicycle.

In her affidavit, Plaintiff avers that she had difficulty getting an appointment for a specialist since many doctors' offices were completely closed due to the COVID-19 pandemic. She also testified that she attempted to go back to work after about two weeks but was unable to work due to pain. As a result of her injuries, she avers that she was unable to return to security work and only began working in January 2022, and returned to a light duty clerical position.

Plaintiff has raised sufficient issues of material fact as to whether the injuries she sustained in the June 17, 2020 accident meet the threshold for serious injury under Insurance Law 5102 (d) to preclude summary judgment in Defendants' favor. As such, Defendants' motion for summary judgment is denied. Plaintiff's cross-motion for summary judgment is denied. Issues of fact exist with respect to the remaining categories under Insurance Law 5102 (d), based on the conflicting expert opinions submitted by the parties (*Perl v Meher*, 18 NY3d 208 [2011]).

Accordingly, it is

**ORDERED** that the motion by Defendant for summary judgment on the grounds that Plaintiff has not sustained a serious injury as defined in Insurance Law 5102 (d) is denied; and it is further

**ORDERED** that the cross-motion by Plaintiff for summary judgment on the grounds that her injuries fall under the significant limitation and 90/180 days categories of Insurance Law 5102 (d) is denied; and it is further

**ORDERED** that any requested relief not specifically addressed herein has nonetheless been considered; and it is further

150757/2021  BJORNTZEN, TAHJ vs. SINGH, BALBIR
Motion No. 001

Page 4 of 5

**ORDERED** that within 30 days of entry, Plaintiff shall serve a copy of this Decision and Order upon Defendant with Notice of Entry.

This constitutes the Decision and Order of the Court.

|  |  |
|---|---|
| 3/19/2024 |  |
| **DATE** | JAMES G. CLYNES, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

150757/2021  BJORNTZEN, TAHJ vs. SINGH, BALBIR
Motion No. 001

Page 5 of 5